1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   BOARD OF TRUSTEES OF                    CASE NO.07cv1283 WQH (NLS)
     ASSOCIATED GENERAL
12   CONTRACTORS OF AMERICA, SAN             **ORDER**
     DIEGO CHAPTER, INC. RETIREMENT
13   TRUST FUND,

14                              Plaintiff,
         vs.
15   WAYNE A. VOTOLATO, an individual;
     DONNA JOHNSON, an individual; and
16   PACIFIC BACKHOE WORKS, INC., a
     California corporation,
17
                               Defendants.
18
     HAYES, Judge:
19
         The matter before the Court is the Motion to Dismiss the Complaint filed by Defendants
20
     Wayne A. Votolato and Donna Johnson (Doc. # 35).
21
                              **BACKGROUND**
22
         This action arises under the Employee Retirement Income Security Act of 1974
23
     ("ERISA"), 29 U.S.C. sections 1001, et seq.  On July 13, 2007, Plaintiff Board of Trustees of
24
     the Associated General Contractors of America, San Diego Chapter, Inc. Retirement Trust
25
     Fund ("Plaintiff") filed the Complaint (Doc. # 1).  The Complaint alleges that the Associated
26
     General Contractors of America, San Diego Chapter, Inc. Retirement Trust Fund holds in trust
27
     the assets of a 401(k) profit sharing plan ("Trust Fund").  The Complaint alleges that the Trust
28
     Fund was created and established for the exclusive purpose of creating and administering the

401(k) plan for the benefit of eligible employees of participating employers.

The Complaint alleges that Defendant Pacific Backhoe Works, Inc. ("Pacific") was a participating employer in the 401(k) plan. The Complaint alleges that Defendant Wayne A. Votolato "was and is the owner of [Pacific] with authority to make financial decisions for [Pacific], including whether contributions are made to the Trust Fund on behalf of participating employees and, as such, is a fiduciary" and was and is a "party-in-interest" within the meaning of ERISA. *Complaint,* ¶ 5. The Complaint alleges that Defendant Donna Johnson "was and is an employee of [Pacific] with authority to make financial decisions for [Pacific], including whether contribution[s] are made to Trust Fund on behalf of participating employees and as such, is a fiduciary" and was and is a "party-in-interest" within the meaning of ERISA. *Id.,* ¶ 6.

The Complaint alleges that, as a participating employer in the 401(k) plan, Pacific was required to make contribution payments to the Trust Fund in order to provide retirement benefits to covered employees. The Complaint alleges that "Votolato and Johnson exercised authority and control over [Pacific's] finances," and "failed, neglected and refused to pay or to cause [Pacific] to pay required contributions and interest to the Trust Fund." *Id.,* ¶¶ 12-13. The Complaint alleges that "such contributions and interest constitute Plan assets." *Id.,* ¶ 13. The Complaint alleges that "Votolato's and Johnson's failure and refusal to cause such contributions and interest to be paid to the Trust Fund constitute[d] a breach of fiduciary duty in violation of 29 U.S.C. section 1104" and constituted a prohibited transaction in violation of 29 U.S.C. section 1106(b). *Id.,* ¶¶ 14, 20. The Complaint also alleges that Votolato and Johnson engaged in prohibited transactions because they "dealt with and used assets of the 401(k) Plan for their own purposes and interests." *Id.,* ¶ 19. The Complaint alleges that as a result of Votolato's and Johnson's unlawful conduct, there is now due, owing and unpaid from Pacific an approximate amount of $135,000.

The Complaint alleges the following claims for relief: (1) breach of contract, as to Pacific, (2) breach of fiduciary duty in violation of 29 U.S.C. section 1104, as to Votolato and Johnson, and (3) prohibited transactions in violation of 29 U.S.C. section 1106(b), as to

1  Votolato and Johnson.  The Complaint alleges that Votolato and Johnson are personally liable

2  for their unlawful conduct pursuant to 29 U.S.C. section 1109.

3      On April 18, 2008, Pacific filed an answer to the Complaint (Doc. # 34).  On April 18,

4  2008, Votolato and Johnson filed the Motion to Dismiss, pursuant to Rule 12(b)(6) of the

5  Federal Rules of Civil Procedure.  Votolato and Johnson move to dismiss the Complaint's

6  second and third claims for relief on grounds that the Complaint fails to state a claim against

7  Votolato and Johnson for breach of fiduciary duty or for prohibited transactions.  On May 13,

8  2008, Trustees filed an opposition to the Motion to Dismiss (Doc. # 39).  On May 19, 2008,

9  Votolato and Johnson filed a reply to the opposition to the Motion to Dismiss (Doc. # 40).

10                    **STANDARD OF REVIEW**

11      A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

12  the legal sufficiency of the pleadings.  *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.

13  1978).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where

14  the factual allegations do not raise the right to relief above the speculative level.  *See Bell*

15  *Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Conversely, a complaint may not be

16  dismissed for failure to state a claim where the allegations plausibly show that the pleader is

17  entitled to relief.  *See id.* (citing FED. R. CIV. P. 8(a)(2)).  In ruling on a motion pursuant to Rule

18  12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and

19  must accept as true all material allegations in the complaint, as well as any reasonable

20  inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003);

21  *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

22      Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short

23  and plain statement of the claim showing that the pleader is entitled to relief . . . ."  FED. R. CIV.

24  P. 8(a)(2).  The complaint must "give the defendant fair notice of what the . . . claim is and the

25  grounds upon which it rests."  *Bell Atlantic*, 127 S. Ct. at 1964 (citing *Conley v. Gibson*, 355

26  U.S. 41, 47 (1957)).

27

28

1

**DISCUSSION**

2          Votolato and Johnson contend that the Complaint fails to allege that Votolato and

3    Johnson are fiduciaries, or that the disputed contributions are plan assets.   Votolato and

4    Johnson contend that "the undisputed facts show that they had no control over management

5    of the [Trust Fund or 401(k) plan] whatsoever."  *Mot. to Dismiss*, p. 3.  Votolato and Johnson

6    contend that their "only responsibility was to make contributions to the Plan, all other

7    administrative functions and decision making was delegated to Plaintiff."  *Id*.  Votolato and

8    Johnson contend that they "took no actions in their individual capacities that would result in

9    personal liability.  They did not personally benefit from any alleged missed payments; they did

10   not manage the Plan; and they did not engage in personal transactions."  *Id.* at 4.  Votolato and

11   Johnson further contend that the Complaint fails to allege that the contributions at issue are

12   "plan assets" because the Complaint does not allege that the employer contributions have been

13   transferred to the Trust Fund.  *Reply,* p. 4.   Votolato and Johnson move to dismiss the

14   Complaint's second and third claims on grounds that they fail to state a claim for breach of

15   fiduciary duty and for prohibited transactions.

16          Plaintiff contends that the Complaint alleges that Votolato and Johnson are fiduciaries

17   through allegations that they "exercised authority and control over [Pacific's] finances,"

18   including contributions made to the Trust Fund.  *Opposition,* p. 5.   Plaintiff contends that the

19   contributions allegedly withheld constitute "plan assets" because "[u]npaid contributions to

20   a 401(k) plan, deducted from employees' compensation, constitute Plan assets."   *Id.* at 7.

21   Plaintiff contends that the Complaint states a claim for breach of fiduciary duty because the

22   Complaint alleges that Votolato and Johnson are fiduciaries, that the disputed contributions are

23   plan assets, and that Votolato and Johnson breached their fiduciary duties by failing and

24   refusing to pay the required contributions and interests to the 401(k).  Plaintiff also contends

25   that the allegations that Votolato and Johnson "exercise control over the [401(k) plan] assets"

26   and that they failed "to segregate and transmit employee contributions to the" 401(k) plan are

27   sufficient to state a claim for prohibited transactions.  *Id.* at 11.

28

1    29 U.S.C. section 1102(a) provides that there must be at least one named fiduciary of

2    every plan subject to ERISA regulations.  In addition to named fiduciaries, ERISA "allocates

3    liability for plan-related misdeeds in reasonable proportion to respective actors' power to

4    control and prevent the misdeeds." *Mertens v. Hewitt Ass'n.*, 508 U.S. 248, 262, 113 S. Ct.

5    2063 (1993).  A "person is a fiduciary with respect to a plan to the extent (i) he exercises any

6    discretionary authority or discretionary control respecting management of such plan or

7    exercises any authority or control respecting management or disposition of its assets . . . ." 29

8    U.S.C. § 1002(21)(A).  ERISA's definition of "fiduciary" is functional rather than formal.

9    *Parker v. Bain,* 68 F.3d 1131, 1140 (9th Cir. 1995).

10    29 U.S.C. section 1104 governs a fiduciary's duties under ERISA.  A fiduciary's duties

11    include discharging his duties "with respect to a plan solely in the interest of the participants

12    and beneficiaries."  29 U.S.C. § 1104(a).  29 U.S.C. section 1106(b)(1) governs prohibited

13    transactions under ERISA.  Prohibited transactions include delinquent payments of 401(k)

14    contributions and dealing with the assets of the plan for a fiduciary's own interests.  29 U.S.C.

15    § 1106(b).  29 U.S.C. section 1109(a) provides that a fiduciary may be held personally liable

16    for breach of his or her duties.  Section 1109(a) states:

17    > Any person who is a fiduciary with respect to a plan who breaches any of the
18    > responsibilities, obligations, or duties imposed on fiduciaries by this title shall
     > be personally liable to make good to such plan any losses to the plan resulting
19    > from each such breach, and to restore to such plan any profits of such fiduciary
     > which have been made through use of assets of the plan by the fiduciary, and
20    > shall be subject to such other equitable or remedial relief as the court may deem
     > appropriate.

21

22    29 U.S.C. § 1109(a).

23    "[B]ecause a fiduciary is one who exercises authority over the management or

     disposition of plan 'assets,' a defendant's fiduciary status in cases concerning delinquent
24
     contributions often turns on whether the term 'assets' includes such delinquent contributions."
25
     *Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund v. Temecula*
26
     *Mechanical, Inc.,* 438 F. Supp. 2d 1156, 1162 (C.D. Cal. 2006) (quoting *Trustees of the Nat's*
27
     *Elevator Pension Funds v. Lutyk,* 140 F. Supp. 2d 407, 410 (E. D. Pa. 2001).   The Ninth
28
     Circuit distinguishes between contributions owed by employers and deductions from employee

pay. *Cline v. The Indus. Maint. Eng. & Contracting Co.,* 200 F.3d 1223, 1234 (9th Cir. 2000). "[A]ssets of the plan include . . . amounts that a participant has withheld from his wages by an employer, for contribution to the plan as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets." *Nelson v. EG&G Energy Measurements Group,* 37 F.3d 1384, 1391 (9th Cir. 1994). "Until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation; this is true even where the employer is also a fiduciary of the plan." *Cline,* 200 F.3d at 1224. Unpaid employer contributions may, however, constitute plan assets if the agreement governing a 401(k) plan provides that unpaid employer contributions are to be considered assets of the plan. *Temecula Mechanical, Inc.,* 438 F. Supp. at 1166.

The Complaint alleges that "Votolato and Johnson exercised authority and control over [Pacific's] finances, including determining whether contributions on behalf of participating employees and interests for delinquent contributions were paid to the Trust Fund." *Complaint,* ¶ 12. The Court concludes that the Complaint sufficiently alleges that Votolato and Johnson are fiduciaries within the meaning of ERISA because the Complaint alleges that Votolato and Johnson exercise "authority or control respecting management or disposition of the [plan's] assets." 29 U.S.C. § 1002(21)(A). The Complaint alleges that Votolato and Johnson failed to timely pay required contributions and interest to the Trust Fund, and that "[s]uch contributions and interest constitute Plan assets." *Complaint,* ¶ 13. The Complaint does not specify whether the contributions at issue are employee contributions or employer contributions; whether Pacific has completely failed to transfer the contributions or has only been delinquent in transferring the contributions; and whether the Trust Fund agreement provides that unpaid employer contributions constitute plan assets. The Court construes the allegations in the Complaint in the light most favorable to Plaintiff, and concludes that dismissal on grounds that the Complaint does not allege that the contributions at issue constitute plan assets is improper at this stage of the proceedings. The Complaint alleges that Votolato and Johnson breached their fiduciary duties in violation of ERISA, 29 U.S.C. section

1104, and engaged in prohibited transactions in violation of ERISA, 29 U.S.C. section 1106, through allegations that Votolato and Johnson failed and refused to cause such contributions and interest to be paid to the Trust Fund.  Viewing the allegations in the light most favorable to Plaintiff, the Court concludes that the Complaint states a claim for breach of fiduciary duty and for prohibited transactions.  The Motion to Dismiss is denied.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 35) is DENIED.

DATED:  August 22, 2008

**WILLIAM Q. HAYES**
United States District Judge
